**HONORABLE ROBERT S. LASNIK**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GRUND & MOBIL VERWALTUNGS AG and CRYSTAL OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:23-mc-00056-RSL <br><br> **AMAZON.COM, INC.'S OPPOSITION TO GRUND & MOBIL VERWALTUNGS AG AND CRYSTAL OF AMERICA, INC.'S MOTION TO ENFORCE FOREIGN SUBPOENA** <br><br> Underlying Case: *Grund & Mobil Verwaltungs AG v. Lighthouse Wholesale LLC,* Case No. 1:21-cv-03996-LDH-VMS (E.D.N.Y.) <br><br> Note on Motion Calendar: July 21, 2023 |

AMAZON.COM OPPOSITION TO MOTION TO ENFORCE SUBPOENA
Case No. 2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Nonparty Amazon.com, Inc. ("Amazon") opposes Grund & Mobil Verwalthungs AG and Crystal of America, Inc.'s (together, "Plaintiff" or "Riedel") Motion to Enforce Foreign Subpoena Issued to Amazon.com, Inc. (the "Motion").[1]  Amazon has already responded to subpoenas received from both Plaintiff and Defendant Lighthouse Wholesale, LLC ("Defendant" or "Lighthouse") in the underlying action.  This included seven productions of documents encompassing all of the available data that is relevant to the parties' dispute.  Plaintiff nevertheless persists in demanding a highly burdensome and unnecessary Rule 30(b)(6) deposition as well.

The Federal Rules provide extra protection to non-parties served with subpoenas, and courts regularly deny requests for burdensome and unnecessary Rule 30(b)(6) testimony.  Plaintiff's motion to compel should be denied for two primary reasons.  *First*, Plaintiff's demand for a deposition is unreasonably duplicative and unduly burdensome.  The deposition topics are all either: (a) adequately addressed by documents and data which have already been produced; (b) targeted at publicly available information; (c) an improper attempt to generate "expert" testimony; and/or (d) directed at information only available to the parties.  *Second*, any corporate deposition testimony would likely not be admitted at trial, as the testimony would be provided by a witness who lacks personal knowledge for any of the topics.

Requiring a deposition under these circumstances is not proportional to the needs of the case.  It would also impose a very high burden on Amazon by forcing it to locate a witness who could clear their schedule to review the policies and data that Amazon has *already produced*, in order to answer questions better or more easily addressed by party witnesses and experts.  Amazon instead offered to answer any questions about the data in writing, and is more than willing to provide an authentication and business records declaration.  This offer remains open and hopefully will resolve the issue.

---

[1] In a separately noted motion, Amazon will move for a protective order and to quash Plaintiff's Subpoena.

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA  – 1
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Amazon Cooperates in Responding to Numerous Document Subpoenas.

Amazon is not a party to the litigation, which involves a commercial dispute between Plaintiff Riedel as a supplier and Defendant Lighthouse as a seller of Riedel branded glassware. *See* Declaration of J. Howard ("Howard Decl."), ¶ 2.  Relevant here, the parties have been investigating whether Defendant applied Fulfillment by Amazon ("FBA") stickers on top of Plaintiff's QR codes, or whether those stickers were added prior to shipping from Amazon's warehouse.  (Plaintiff uses its QR codes for quality control purposes).  *See id.*, ¶ 3.

In response to document subpoenas received from both Plaintiff and Defendant in the underlying action, Amazon cooperatively made seven document productions.  These documents identify Riedel test purchases, infringement complaints, routine communications between Amazon and Defendant, customer communications regarding particular products, customer communications directed to Amazon, customer review information, photographs, storefront information, and shipment and product-level FBA labeling selections made by Defendant.  *See id.,* ¶ 4.

### B.    Plaintiff Issues a Deposition Subpoena.

Notwithstanding Amazon's substantial document production, on April 3, 2023 Plaintiff served Amazon with a Subpoena to Testify at a Deposition in a Civil Action, commanding Amazon to designate a corporate representative to appear for a deposition on April 28, 2023 (the "Subpoena").  *See id.*, ¶ 5, Ex. A.  Amazon timely served objections to the Subpoena on counsel for Plaintiff, objecting to the Subpoena for, among other things, failing to take reasonable efforts to reduce the burden and expense on non-party Amazon.  *See id.*, ¶ 6.

### C.    Amazon Meets and Confers in Good Faith, and Offers a Declaration.

Counsel met and conferred on April 28, 2023.  *See id.*, ¶ 7.  Amazon's counsel explained the high degree of burden associated with preparing a corporate witness to testify regarding the broad swath of data, policies, and documents Amazon had produced to date.  *See id.*, ¶ 8.  Amazon's counsel also articulated that testimony was unnecessary given its document

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA  – 2
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

production. *See id.*, ¶ 9.  Plaintiff's counsel disagreed, but failed to articulate any specific information that could be elicited from corporate testimony that could not be gathered from the documents already produced.  *See id.*, ¶ 10.  Amazon offered to provide a declaration authenticating the documents it previously produced and/or to explore producing a substantive declaration.  Plaintiff refused the offers.  *See id.*, ¶ 11.  Plaintiff's counsel raised concerns regarding the admissibility of a declaration at trial.  *See id.*, ¶ 12.  Amazon's counsel pointed out that New York courts are unlikely to find 30(b)(6) deposition testimony admissible, and suggested that Plaintiff provide documents to its expert to generate admissible testimony.  *See id.*, ¶ 13.

### D.  Plaintiff Files Motion to Enforce Foreign Subpoena.

On June 29, 2023, without any follow up to the April 28, 2023 meet and confer from two months prior, Plaintiff filed the instant Motion.[2]  *See* Dkt. No. 1; Howard Decl. ¶ 14.  Amazon's counsel reached out to meet and confer. *See* Declaration of Ramie Snodgrass ("Snodgrass Decl."), ¶ 2.  On July 6, 2023, in lieu of a burdensome nonparty deposition, Amazon again offered to provide a substantive declaration addressing the points on which Plaintiff claimed the need for clarification.  Plaintiff refused the offer.  *See id.*, ¶ 3.  Nevertheless, in a good faith effort to better understand what Plaintiff was hoping to achieve through deposing Amazon, Amazon agreed to review specific questions that Plaintiff desired to ask a corporate witness.  *See id.*, ¶ 4.

On July 11, 2023, Plaintiff's counsel circulated his proposed questions, which largely mirrored the topics in the Subpoena.  Howard Decl. ¶ 16.  Amazon's counsel suggested that Plaintiff and Defendant stipulate to the admissibility of written answers, in declaration form or otherwise.  Then, if Plaintiff had any remaining topics that it believed required live testimony, Amazon would agree to consider a narrow deposition.  *See id.*, ¶ 17.  Although Plaintiff

---

[2] The Court could deny this Motion solely on the basis of this passage of time and the fact that Plaintiff has not filed a formal meet and confer certificate, as required by Local Civil Rule 37(a)(1).  *See* Howard Decl., ¶ 15.

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA  – 3
2:23-mc-00056-RSL

accepted the offer of receiving a written declaration, Plaintiff refused to withdraw or further adjourn the Motion, which then forced this opposition. *See id.*, ¶ 18.

## III. ARGUMENT

### A. Legal Standard for 30(b)(6) Depositions Directed at Non-Parties.

All discovery must be both relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2). The Court must limit the extent of discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, the party issuing a subpoena "*must* take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." *See* Fed. R. Civ. P. 45(d)(1) (emphasis added). "The apparent relevance of the information a subpoena seeks informs the extent to which its burden is due, and the court must balance relevance, the requesting party's need for information, and the hardship to the subpoena's target." *Myhrvold v. Lodsys Grp.,* LLC, C13-1173RAJ, 2013 U.S. Dist. LEXIS 143268, at *5 (W.D. Wash. Sept. 27, 2013). "[T]he court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

A Rule 30(b)(6) deposition subpoena directed to a nonparty warrants special scrutiny because, as this Court has made clear, "discovery against a non-party is more limited than the liberal discovery against parties." *See Garner Const., Inc. v. Int'l Union of Oper. Eng'rs.,* C07-775MJP, 2007 U.S. Dist. LEXIS 92522, at *5 (W.D. Wash. Dec. 4, 2007); *see also Insogna v. Hetero Ltd.,* 3:19-cv-1589-LAB, 2020 U.S. Dist. LEXIS 3189, at *5 (S.D. Cal. Jan. 3, 2020) ("The Ninth Circuit has a long-standing policy of affording extra protection to non-parties subject to discovery requests."). "[A] court may modify or quash a subpoena *even for relevant information* if it finds that there is an undue burden on the non-party." *Gonzalez v. Google, Inc.*, 234 F.R.D 674, 683 (N.D. Cal. 2006) (emphasis added). "[N]on-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves." *Updateme Inc. v. Axel*

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 4
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Springer SE*, 17-cv-05054-SI, 2018 U.S. Dist. LEXIS 186731, at *8 (N.D. Cal. Oct. 11, 2018) (internal quotations omitted).

### B. Plaintiff's Demand for a Deposition Is Unreasonably Duplicative and Unduly Burdensome.

Plaintiff's demand for non-party Amazon to sit for a corporate 30(b)(6) deposition is unreasonably duplicative and unduly burdensome for at least four reasons.  *First*, Amazon has already produced documents that adequately address the Subpoena's topics.  *Second*, Amazon's FBA policies and guidelines are publicly available and it is unreasonable to require a nonparty corporate representative to sit for a deposition merely to reiterate them.  *Third*, to the extent Plaintiff seeks to require an Amazon representative to opine on the sourcing and application of Defendant's FBA stickers and/or hypothetical policy violations, that is simply an impermissible effort to transform Amazon into an unretained expert and is not an appropriate use of a non-party deposition.  And *fourth*, certain information sought is only known to Defendant.

#### 1. Amazon Has Already Produced Documents Adequately Addressing the Issues in the Subpoena.

Courts have recognized that when a non-party can produce documents in response to a subpoena, subjecting the non-party to a Rule 30(b)(6) deposition and all of its attendant demands imposes an undue burden.  *See e.g., Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc*., C 12-80192EJD, 2012 U.S. Dist. LEXIS 151023, at *7-8 (N.D. Cal. Oct. 19, 2012) (denying motion to compel non-party to appear for Rule 30(b)(6) deposition because *inter alia* the non-party had already provided documents); *see also In re Subpoenas to Intel Corp*., 4:17-mc-80159-KWA, 2018 U.S. Dist. LEXIS 30757, at *13 (N.D. Cal. Feb. 23, 2018) (quashing deposition topics in nonparty subpoena because target could provide documents with less burden).  This applies to render Deposition Topics 1-2, 4-10, and 13 unnecessary.

*Topics 1 and 2* demand testimony regarding "[a]ll RIEDEL-Branded Products for which Defendant has selected the Merchant label option [or elected to pay Amazon for its Amazon Label Service] at any point between January 1, 2019 and present date."  *See* Howard Decl., ¶ 5, Ex. A.  This is a topic that is suited to a production of data, and Amazon has *already*

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 5
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*produced* a comprehensive spreadsheet indicating whether Defendant selected the Merchant label option or Amazon label service for each shipment of its Riedel products during the relevant time period, AMZN_000012. *See id.*, ¶ 19. This spreadsheet could be admitted at trial as a business record.

Aside from Amazon authenticating AMZN_000012 or clarifying what certain fields within the spreadsheet mean – which Amazon has repeatedly offered to do via declaration – Plaintiff has failed to articulate what additional information it seeks. *See id.*, ¶ 20. Under these circumstances courts have had little trouble denying a Rule 30(b)(6) request. *See e.g., Verinata Health, Inc. v. Sequenom, Inc.,* C 12-00865 SI, 2014 U.S. Dist. LEXIS 49697, at *7 (N.D. Cal. June 9, 2014,* (quashing non-party Rule 30(b)(6) subpoena because plaintiff did not explain why documents already produced were insufficient); *see also Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. 118, 126 (D.D.C. 2005) ("A 30(b)(6) deposition, which by its nature can be time-consuming and inefficient [should] be productive and not simply an excuse to seek information that is already known.").

*Topic 4* demands testimony regarding "[t]he form and condition of the Riedel Apple Decanter (ASIN B00I9YSYG6) depicted in [photographs Amazon produced] . . . , including but not limited to whether such product had the Amazon FBA sticker/barcode affixed on top of Plaintiffs' QR code as depicted in Page No. AMZN_000010 thereof." *See* Howard Decl., ¶ 5, Ex. A. Again, aside from authenticating the photographs, it is unclear what additional information a corporate representative could provide that is not evident from the photographs themselves. In particular, the placement of the FBA sticker/ barcode in question is clearly visible in the photograph AMZN_000010. *See* Snodgrass Decl. ¶ 7.

*Topic 5* demands testimony regarding whether Defendant selected the Merchant label option for the Riedel Apple Decanter, ASIN B00I9YSYG6, depicted in photographs produced by Amazon. *See* Howard Decl., ¶ 5, Ex. A. Amazon has already produced the available records bearing on this issue. Per AMZN_000012, it appears that for shipments of this ASIN beginning March 1, 2022 and *after*, Defendant selected the merchant label option. *See*

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 6
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Snodgrass Decl., ¶ 5.  Given that the photographs of the decanter were taken nearly a year later, on or about February 27, 2023, the documents suggest that the decanter at issue was almost certainly labeled by merchant.

Similarly, **Topics 6, 7, 8, 9, and 10** demand testimony regarding whether Defendant selected the Merchant label option for the Riedel Amadeo Decanters, ASIN B000NAXZ5O, contained in order numbers ending in x824, x400, and x060 – all placed on April 21 or 28, 2021.[3]  *See* Howard Decl.*,* ¶ 5, Ex. A.  Per AMZN_000012, it appears that for shipments of this ASIN beginning May 8, 2019 and *after*, Defendant selected the merchant label option.  *See* Snodgrass Decl.*,* ¶ 6.  Given that order numbers ending in x824, x400, and x060 were all placed nearly two years later, in April 2021, the documents suggest that the decanters at issue were almost certainly labeled by merchant.  An Amazon corporate representative would not be able to do anything more than make similar guesses, which party witnesses and experts could do just as well based on Amazon's already-produced business records.  *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 76 (D. Conn. 2010) (quashing deposition topic becaus*e* "[t]here is no 30(b)(6) witness that could provide information beyond the documents already provided").

**Topic 13** demands testimony regarding addresses from which Amazon received all Riedel-branded products held, shipped or sold via Amazon's FBA program and for each such address, whether the Riedel-branded products were supplied with Amazon's FBA sticker/barcode affixed onto such products.  Howard Decl., ¶ 5, Ex. A.  How this is relevant is unclear, but it is also not appropriate for deposition testimony and could more appropriately be produced in document format.  There is no need to have a corporate representative recite addresses.  *See e.g. Intel*, 2018 U.S. Dist. LEXIS 30757, at *13 (quashing deposition topics in non-party subpoena where "it would be far less burdensome to obtain this information by other means, including document subpoena").

---

[3] Topic 8 appears to seek information regarding Riedel Overture Wine Glass and Decanter Sets; however, the Exhibit 5 referenced in the topic does not reflect orders of those products.

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 7
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2. Requiring Non-Party Amazon to Reiterate its Publicly Available FBA Policies and Guidelines Is Not Appropriate Testimony.

Topics 3 and 11 ask Amazon to restate policies and guidelines that are publicly available. Requiring a non-party to engage in a corporate deposition solely for the purpose of reiterating publicly available information is duplicative and unduly burdensome, and it should not be required here. *See e.g., GoDaddy.com, Inc.*, 2012 U.S. Dist. LEXIS 151023, at *8 (suggesting that a Rule 30(b)(6) deposition is unwarranted where information is available from public sources).

*Topic 3* demands testimony regarding "[w]hether Amazon's FBA program guidelines about labeling and barcodes required Defendant to remove or cover-up Plaintiffs' QR codes affixed to the RIEDEL-Branded Products sold by Defendant through Amazon's FBA program." *See* Howard Decl. ¶ 5, Ex. A.  However, Amazon has already pointed Plaintiff to its publicly available FBA program guidelines and policies regarding labeling and barcodes, which provide in relevant part:

> When applying a barcode, make sure you cover the original manufacturer's barcode (UPC, EAN, JAN, ISBN or GTIN) completely. Failure to do so can cause errors in the receiving process.[4]
> . . .
>
> - Put the correct barcode on each item.
> - Cover all other visible barcodes, except for any serial number barcodes or Transparency authentication code labels. . . .[5]

*Topic 11* similarly demands testimony regarding "[t]he process though which an Amazon Merchant, which selects the Merchant label option thereby electing to label the FBA shipments sent to Amazon itself . . . is provided with the Amazon FBA stickers/barcodes that

---

[4] *See* How to label products," https://m.media-amazon.com/images/G/01/fba-help/ORG/FBA_Label_Products_en-US.pdf (last accessed July 14, 2023).

[5] *See* "Use an Amazon barcode to track inventory," https://sellercentral.amazon.com/help/hub/reference/external/200141490?ref=ag_200141490_cont_201021860&locale=en-US (last accessed July 14, 2023

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 8
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

are affixed to FBA shipments sent to Amazon." *See id*. As explained in Amazon's publicly available FBA program guidelines:

> You can print Amazon barcodes from within your seller account and apply the barcodes yourself. If you don't want to apply the barcodes yourself, you can sign up for the FBA Label Service and have Amazon apply the labels for you for a per-item fee. . . . You can print Amazon barcodes for your products from the Label products page when you create a shipment, or at any time from Manage Inventory.[6]

Plaintiff has not identified any aspect of this "process" that is unclear or requires further explanation. *See Updateme*, 2018 U.S. Dist. LEXIS 186731, at *8 ("Requests to non-parties should be narrowly drawn to meet specific needs for information."). Amazon should not be required to engage in a corporate deposition merely to reiterate or authenticate its publicly available policies. *See generally, Dongguk,* 270 F.R.D. at 78 (quashing a 30(b)(6) topic regarding Plaintiff's policies and compliance because those policies had already been produced).

### 3. Seeking Opinions on Hypothetical Policy Violations Is Not an Appropriate Use of a Non-Party Deposition.

The main substantive thrust of Plaintiff's deposition topics seems to be to elicit opinion testimony from an Amazon witness. As evidenced by Topic 3, this will include opinions about whether various actions taken by Defendant to source and apply stickers were or were not in accordance with Amazon policies. Any such testimony would inherently be opinion testimony rather than fact testimony, and it is an "abuse of the subpoena power" to require a "non-party . . . to act as an unpaid expert witness." *See Convolve, Inc. v. Dell, Inc.,* C 10-80071 WHA, 2011 U.S. Dist. LEXIS 54641, at *5-6 (N.D. Cal. May 9, 2011); *see also, e.g., Verinata,* 2014 U.S. Dist. LEXIS 49697 at *7-9 (concluding it an "improper use of a non-party deposition subpoena" to require a nonparty to testify regarding their "unique understanding of the market" and/or "experience in the marketplace").

---

[6] *See id.*

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 9
2:23-mc-00056-RSL

Amazon's FBA policies and guidelines are publicly available, and Plaintiff is free to draw its own conclusions or retain its own expert to opine regarding potential policy violations by Defendant. *See e.g., In re Ebay Seller Antitrust Litigation*, C09-735RAJ, 2009 U.S. Dist. Lexis 123714, at *9 (W.D. Wash. Dec. 23, 2009) (declining to require Amazon to produce "possibly relevant" information because "[w]hatever analyses Amazon has conducted . . . are analyses that [the requesting party] could conduct itself."). Amazon has not been retained as an expert in this case, has not been *disclosed* as an expert in this case, and should not be deposed to proffer its hypothetical opinions on potential policy violations. *See also Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) ("A growing problem has been the use of subpoenas to compel the giving of evidence and information by unretained experts."); *Updateme*, 2018 U.S. Dist. LEXIS 186731 at *11-12 (attempting to depose a non-party regarding industry "norms" or their "understanding" were "improper attempts to compel [a nonparty] to act as an unpaid expert witness.").

### 4. Information Regarding Defendant's Sourcing and Application of FBA Stickers Can Only Be Provided by Defendant

*Topic 12* demands testimony regarding "[w]hether Defendant was provided with the Amazon FBA stickers/barcodes that were affixed onto the RIEDEL-Branded Products sold by Defendant through Amazon's FBA program, and if so, how Defendant was provided with such stickers/barcodes." Howard Decl., ¶ 5, Ex. A. This information regarding the sourcing and application of Defendant's FBA stickers could and should be obtained directly from Defendant. "There is simply no reason to burden [a nonparty] when the documents sought are in possession of the party defendant." *See e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (declining to enforce a subpoena because "the discovery sought . . . is discovery obtainable from a source more direct, convenient, and less burdensome – namely, from Defendants").

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 10
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Regardless, an Amazon corporate representative would not have the requisite knowledge to testify on this topic. Sellers can print their own FBA stickers.[7] And, various third party companies also offer label printing and supply services.[8] Amazon would not have visibility into Defendant's source of stickers, how Defendant received them, or how Defendant applied them.

### C. Any Rule 30(b)(6) Testimony Obtained from Amazon May Also Be Inadmissible Hearsay at Trial.

Plaintiff's rationale for why a deposition is needed, rather than a declaration or other written answers, is to obtain admissible testimony for trial. Howard Decl., ¶ 12. However, even if the deposition topics were appropriate and unobjectionable, this reasoning would still be misguided because courts do not consistently admit Rule 30(b)(6) testimony. Courts following a more conservative approach, *including in New York* where this action is pending, admit 30(b)(6) testimony only for matters that are within a corporate deponent's *personal* knowledge. *See e.g. Union Pump Co. v. Centrifugal Tech., Inc.,* 404 F. App'x 899, 907-08 (5th Cir. 2010) ("[A] corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions") (internal quotations omitted); *Fed. Trade Comm. v. Vyera Pharmaceuticals, LLC,* 20-cv-00706 (DLC), 2021 WL 5300019, at *2 (S.D.N.Y. Nov. 15, 2021) (holding nonparty 30(b)(6) witnesses' deposition testimony would be inadmissible "[u]nless the deponents were competent to testify about the matters discussed in the designations based on their personal knowledge."); *AngioDynamics, Inc. v. C.R. Bard., Inc.,* 1:17-cv-598, 2022 U.S. Dist. LEXIS 168146, at *4-6 (N.D.N.Y. Sep. 19, 2022) (reasoning "the Federal rules do not allow such a circumvention of

---

[7] *See id*.

[8] *See e.g.,* "Labeling Products for Amazon," https://www.avery.com/blog/how-to-label-your-products-correctly-for-amazon/ (last accessed July 14, 2023); "How to Label Your Products for Amazon FBA," https://www.onlinelabels.com/articles/labeling-for-amazon-fba-products-faq (last accessed July 14, 2023).

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA – 11
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the rule against hearsay").[9]  Since *none* of Plaintiff's 13 noticed topics are within an Amazon corporate representative's personal knowledge, under this standard any Rule 30(b)(6) testimony from Amazon would be wholly inadmissible.

Even courts that follow a more liberal approach admitting testimony based on *corporate* knowledge rather than personal knowledge impose significant limits on the scope of what is considered "corporate knowledge."  *See Sara Lee Corp. v. Kraft Foods, Inc.,* 276 F.R.D. 500, 503 (N.D. Ill. 2011) (acknowledging the "real dangers of admitting testimony based on hearsay").  In particular, when "the Rule 30(b)(6) witness is a non-party, the admission of testimony based on corporate knowledge should be limited to topics that are particularly suitable for Rule 30(b)(6) testimony."  *See id*.  "Non-party Rule 30(b)(6) testimony is less appropriate for providing how the parties acted in a given instance."  *Id.* (recognizing the "dangers of testimony based on corporate knowledge multiply where the Rule 30(b)(6) witness is a third party rather than an opposing party").  Thus, even under this more liberal standard, any Rule 30(b)(6) testimony may be inadmissible given Amazon's nonparty status and the focus on whether Defendants sourcing and application of stickers on particularly shipments was consistent with Amazon policy.  It is pointless and burdensome to require an Amazon corporate representative to sit for a 30(b)(6) deposition to provide testimony that likely will be inadmissible.  The Motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court deny Plaintiff's Motion.  Alternatively, to the extent the Court determines that Plaintiff has a substantial need for specific information beyond what Amazon has already provided, Amazon requests that it be permitted to provide an authentication and business records declaration.  As needed, it is also willing to provide clarifying answers for questions on the materials it has produced.

---

[9] In discussions, Plaintiff cited to *Abbott Lab'ys v. Feinberg*, No. 18 CIV. 8468 (LGS), 2020 WL 7706571, at *1 (S.D.N.Y. Oct. 15, 2020) as not limiting Rule 30(b)(6) testimony strictly to matters within a deponent's personal knowledge.  However, this case is readily distinguishable because it involved a *party* Rule 30(b)(6) deponent who would be *available to testify* at trial.

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA  – 12
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

I certify that this memorandum contains 4,019 words, in compliance with the Local Civil Rules.

Dated this 17th day of July, 2023.

Davis Wright Tremaine LLP

By */s/ James E. Howard*
James E. Howard, WSBA No. 37259
Ramie O. Snodgrass, WSBA No. 40689
920 Fifth Ave., Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 622-3150
Facsimile:  (206) 757-7700
E-mail:  JimHoward@dwt.com
E-mail:  RamieSnodgrass@dwt.com

*Attorneys for Amazon.com, Inc.*

AMAZON OPPOSITION TO MOTION TO ENFORCE SUBPOENA  – 13
2:23-mc-00056-RSL

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax